IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SOUTH TEXAS CLINICAL LABORATORY, LTD., | § § § | |
| Plaintiff, | § | |
| v. | § § | C.A. No. 2:18-cv-00240 |
| UNITEDHEALTHCARE OF TEXAS, INC., | § § § | |
| Defendant. | § | |

## <u>NOTICE OF REMOVAL</u>

Defendant UnitedHealthcare of Texas, Inc. ("UHC of Texas"), for the purpose only of removing this case to the United States District Court for the Southern District of Texas, Corpus Christi Division, states:

1.    **<u>State Court Action</u>.** Plaintiff South Texas Clinical Laboratory, Ltd. ("Plaintiff") filed this action in the 94th District Court in Nueces County, Texas, Cause No. 2018DCV-3296-C, on June 29, 2018. Plaintiff asserts claims against UHC of Texas for breach of contract, quantum meruit, quasi contract, assumpsit, detrimental reliance, promissory estoppel, restitution, unjust enrichment, negligent misrepresentation, conversion, money had and received, violations of the Texas Theft Liability Act, "unconscionability," fraud, negligence and/or gross negligence, and declaratory relief based on claims Plaintiff submitted to UHC of Texas for payment of benefits.[1]

---

[1] As described below, Plaintiff's complaint fails to identify any of the claims it submitted to UnitedHealthcare of Texas that are allegedly at issue. Notably, the only entity that Plaintiff named in its suit is UnitedHealthcare of Texas. Plaintiffs' deficient pleading precludes Defendant at this time from identifying additional grounds for removal which may exist, including, but not limited to 28 U.S.C. § 1442(a). Regardless, on the face of Plaintiff's existing petition this action is removable.

<u>NOTICE OF REMOVAL</u> - Page 1

2.    **Removal is Proper.** This action is removable under 28 U.S.C. § 1331, 28 U.S.C. § 1441(a) and (b), and 29 U.S.C. § 1132 on the basis of a federal question. In addition, removal is timely under 28 U.S.C. § 1446(b) as UHC of Texas was served on July 16, 2018.

3.    **Federal Question.** This action is removable under 28 U.S.C. § 1331 and 29 U.S.C. § 1132. Although Plaintiff has failed and refused to identify the specific claims on which its suit is based, some or all of Plaintiff's claims are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), as within the scope of § 1132 and/or preempted by § 1144, which are laws of the United States. *See Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236 (5th Cir. 1990); *Hermann Hosp. v. MEBA Med. & Benefits Plan*, 845 F.2d 1286 (5th Cir. 1988); *St. Luke's Episcopal Hosp. Corp. v. Stevens Transport, Inc.,* 172 F. Supp. 2d 837, 841 (S.D. Tex. 2000). Plaintiff seeks recovery of benefits under ERISA-governed employee benefit plans issued by UHC of Texas. These plans provide certain health benefits to eligible members and are sponsored by employers for the benefit of their employees (the "Plans"). ERISA governs the Plans because the Plans clearly set forth the procedure for eligible members and beneficiaries to obtain health benefits, subject to the terms and limitations thereof, and are employer-sponsored employee welfare benefit plans. (*See* Decl. ¶¶ 3-4, Exs. A-B.)[2] *See Hansen v. Cont'l Ins. Co.*, 940 F.2d 971, 976-78 (5th Cir. 1991); *Magee v. Life Ins. Co. of N. Am.*, 26 F. Supp.

---

[2] Attached hereto as Exhibit A is the Declaration of Jane Stalinski.

2d 738, 743 (S.D. Tex. 2003). In particular, Plaintiff submitted claims to UHC of Texas using tax identification number ("TIN") of 208015163 for services rendered to its insureds. (Decl. ¶ 3.) The claims Plaintiff submitted to UHC of Texas include claims based on ERISA fully-insured plans issued by UHC of Texas. (*Id.*) Those claims include a designation that the claims were submitted under an assignment of benefits from the insureds. (Decl. ¶ 4, Ex. C.) As a result, some or all of Plaintiffs' state-law claims may be preempted by ERISA. *See Davila*, 542 U.S. 200 (2004); *Dedeaux*, 481 U.S. 41 (1987); *Taylor,* 481 U.S. 58 (1987); *Northbrook*, 904 F.2d 236 (5th Cir. 1990); *St. Luke's*, 172 F. Supp. 2d 837 (S.D. Tex. 2000).

4.      **State Court Documents Attached.** Pursuant to the Federal Rules of Civil Procedure and LR81, a copy of the state court docket sheet and all documents filed in the state court action, separately attached and arranged in chronological order, are attached as **Exhibit B**. These documents constitute the only pleadings, process, or orders filed in the state court or received by UHC of Texas. A list of the parties and counsel is also attached as **Exhibit C**. Finally, pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal shall be provided to all adverse parties and filed with the clerk of the state court.

## RELIEF REQUESTED

UHC of Texas respectfully requests that the United States District Court for the Southern District of Texas, Corpus Christi Division, accept this Notice of Removal and that it assume jurisdiction of this cause and grant such other and further relief as may be necessary.

Respectfully submitted,

By: */s/ Amber D. Reece (w/ permission)*
     Andrew G. Jubinsky
     State Bar No. 11043000
     andy.jubinsky@figdav.com
     Attorney-in-Charge

     Amber D. Reece
     State Bar No. 24079892
     amber.reece@figdav.com
     Of Counsel

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000 – telephone
(214) 939-2090 – facsimile

**ATTORNEYS FOR DEFENDANT
UNITEDHEALTHCARE OF TEXAS, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all attorneys deemed to accept service of the above-referenced document electronically will be notified via the Court's CM/ECF system on August 15, 2018.

*/s/ Amber D. Reece*
Amber D. Reece
